*Rawle*, for the plaintiff. *Dallas*, for the defendant.

---

*419]                    *CONFRAMP *et al. v.* BUNEL. (a)

*Lex loci contractus.*

A contract is governed by the law of the place where it was made.
Where the *lex loci contractus* protects a party from execution, on a judgment upon a contract, he will not be liable to arrest on mense process, out of this court, for the same cause.

CAPIAS. On a rule to show cause why the defendant should not be discharged on common bail, the following facts were established by the plaintiff : That in the year 1787, the defendant gave his note for 55,000 livres, to a person of the name of Horguetand, payable in two instalments, for value received in 55 negroes. On the 8th of February 1787, the note was assigned to the plaintiffs, and several partial payments were afterwards indorsed upon it. In November 1789, a suit was instituted at Port-au-Prince, to recover the balance ; and a judgment by default was entered for 36,666 livres ; to recover which was the object of the present action.

For the *defendant*, it was shown, that all the parties to the contract were French subjects, resident in the island of St. Domingo, at the time the contract was made ; that they continued French subjects at this time ; that in August of the year 1793, the French commissioners (Polverel and Santhorax) had proclaimed, at Port-au-Prince, the abolition of slavery, and the freedom of the negroes ; which the national convention ratified, in the February ensuing (4 Edw. Hist. West Ind. 146, 219); that, in consequence of this emancipation, the very negroes who had been purchased by the defendant, had been taken from him ; and that with a view to the calamitous situation of the colony, the following laws had been enacted by the French government :

1st. Extract from the law of the 6th of September 1802.

Sect. 1. Until the 1st of Vendemaire, 16th year, all suits are suspended as well against the principal debtors, as their securities, for debts contracted prior to the 1st of January 1792, for the purchase of real property, or of negroes.

Sect. 6. The creditors may, however, take all conservatory steps for the preservation of their rights, and even have the amount of their debts liquidated by judgments, but the execution thereof shall be stayed according to the first section.

---

(a) s. c. 1 W. C. C. 340, reported as Camfranque v. **Burnell.**

*Conframp v. Bunel.*

2d. Supplement to the above law, of the 12th of April 1803.

The preamble states that doubts have arisen, as to the construction of the 6th article ; and the supplement declares,

Sect. 1. That by the words "conservatory steps" (*actes conservatoires*) are not to be understood any acts, which would prevent the effect of the suspensive clause of the law, such as attachments of property, levies on real or personal estate, oppositions to the payments of rents, or other debts, &c.

Sect. 2. Oppositions (in nature of attachments) made to the payment of principal sums due to the debtors, shall not prevent such payments, [*420 but the debtor shall be bound to make it *appear, within six months, that he has employed those capitals, in improving his St. Domingo plantation, otherwise, he will not be entitled to the benefit of the law.

Upon these premises, the *defendant's* counsel contended, 1st. That the contract of the parties was to be expounded and enforced, according to the laws of France. 1 Bos. & Pul. 138; 3 Ves. jr. 446; 4 Ibid. 577; 1 W. Bl. 258; 1 H. Bl. 665, 690; 4 T. R. 184. 2d. That upon the general principles of the French law, the defendant was not liable to be personally arrested on this contract, which does not constitute a commercial debt 7 Tit. 1 Art. Ord. of Com. p. 386. 3d. That the right of action, to recover the debt, was expressly suspended by the law of the 6th of September 1802; and it was as irregular to commence the suit, before the suspension had run out, as it would be to obtain judgment and issue execution.

The *plaintiffs'* counsel answered : 1st. That this was a commercial debt, within the terms of the authority cited, for which a personal arrest was authorized by the law of France. 2d. That the law of the 6th of September 1802, applies to original causes of action, and not to cases in which judgment had been previously rendered. 3d. That even where the *lex loci* governs the contract, it is the law of the country in which the suit is brought, that must furnish the form of the remedy. Kaim's P. E. 567–8; 2 Vern. 540; 3 Dall. 373; 1 Bos. & Pul. 139, 140. 4th. That the utmost benefit, which the defendant can reasonably claim from the law of September 1802, is a stay of execution, until the specified period has elapsed: but in the meantime, the plaintiffs should be permitted to proceed to obtain judgment, and to secure the defendant's appearance eventually to answer it.

THE COURT were clearly of opinion, that the parties were bound by the law of the 6th of September 1802 ; that the present case was within the law ; and that the suspension of the law applied as well to the commencement of the suit, as to the issuing of an execution.

The rule made absolute. (*a*)

*Moylan*, for the plaintiffs.　*Du Ponceau* and *Dallas*, for the defendant.

---

(*a*) The defendant's counsel, proceeding on the grounds above stated, did not make, on this preliminary question, the objection, that the circuit court has no jurisdiction of a cause, in which both parties are aliens; an objection that has, repeatedly, been adjudged to be fatal.